1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark DARULIS, Plaintiff-Appellant,
v.
CITY OF AKRON; Thomas DiCaudo; John Gilbride; Darrell
Venable, Defendants-Appellees.
 No. 92-4366.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 1
 Before: GUY and NELSON, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 This is an appeal from the dismissal of a civil rights action brought by Mark A. Darulis under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Darulis says he complained to defendant DiCaudo, an Akron city prosecutor, that defendant Venable and two other individuals attacked and seriously injured him. Defendant DiCaudo declined to file criminal charges against the alleged attackers. The Akron Municipal Court thereafter issued a finding of probable cause against Venable at Darulis' request, and a criminal complaint was filed. DiCaudo promptly had the case dismissed.
 
 
 4
 Following the dismissal, DiCaudo allegedly ordered Darulis to leave the courthouse; Darulis refused. DiCaudo then signed a complaint against Darulis for disorderly conduct, and allegedly induced defendant Venable to sign a complaint against Darulis for aggravated menacing. Darulis was arrested minutes after he left the building, allegedly by Officer Gilbride. On January 24, 1991, a jury found Darulis not guilty.
 
 
 5
 The present lawsuit followed. The complaint asserted five claims: (1) violation of federal constitutional rights; (2) assault and battery; (3) wrongful arrest and false imprisonment; (4) malicious prosecution; and (5) intentional or negligent infliction of emotional distress. The City of Akron filed a motion for partial summary judgment, seeking the dismissal of claims two through five. A sixth claim, added later by amendment, alleged among other things that the City of Akron had been negligent in hiring and training DiCaudo.
 
 
 6
 On March 6, 1992, after the city had moved for partial summary judgment, the district court ordered Darulis to file a brief specifically articulating the alleged constitutional violations and responding to the city's motion. Upon review of Darulis' brief and the defendants' reply, the district court dismissed claims two through six as against the City of Akron. The defendants filed a new motion for summary judgment, after which Darulis filed a second amended complaint. The first claim of the latter pleading asserted that the criminal complaints against Darulis had been signed out of malice and ill will and with knowledge that Darulis had not committed any wrongful act; that the city had been negligent in hiring DiCaudo, had not trained him properly, and had kept him on the payroll knowing he could not do his job properly; that the city had a policy of not prosecuting criminal complaints filed by private citizens; and that as a result of the above, Darulis had been deprived of his right to privacy, freedom from use of excessive and unreasonable force and "[f]reedom from summary judgment," and had been deprived of liberty without due process of law. After reviewing the defendants' motion for summary judgment and Darulis' response, the district court dismissed the first claim as without merit and declined to exercise pendent jurisdiction over the remaining claims, which rested on state law. Darulis has filed a timely appeal.
 
 
 7
 Upon review, we conclude that the district court properly dismissed Darulis' complaint. The plaintiff's conclusory allegations that Akron has been negligent in the hiring, training and retention of its prosecutors do not suffice to state a Sec. 1983 claim. The same is true of the allegation that the city maintains a policy of not prosecuting criminal complaints filed by private citizens.
 
 
 8
 Darulis does not question the well-established principle that prosecutors are entitled to absolute immunity for their prosecutorial acts. See Imbler v. Pachtman, 424 U.S. 409, 420 (1976). He contends, instead, that DiCaudo was not acting as a prosecutor when he signed the criminal complaint against the plaintiff. In Joseph v. Patterson, 795 F.2d 549, 555 (6th Cir.1986), however, we held that "[t]he decision to file a criminal complaint and seek issuance of an arrest warrant are quasi-judicial duties involved in 'initiating a prosecution,' which is protected under Imbler, 424 U.S. at 431." The district court's conclusion that the prosecutor was entitled to absolute immunity was correct.
 
 
 9
 The claim against Venable, who was allegedly "induced" by DiCaudo to file a criminal complaint against the plaintiff, also must fail. Section 1983 governs only constitutional wrongs committed by a state. What a private citizen such as Venable does cannot be attributed to the state unless the state exercises "such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir.1992). The plaintiff's allegation does not rise to that level.
 
 
 10
 The plaintiff has not contested on appeal the district court's decision to dismiss Officer Gilbride from the action.
 
 
 11
 Pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation